**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4090**

―――――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RASHAD JACOBS,

            Defendant - Appellant.

―――――――――――

**No. 14-4092**

―――――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RASUL GATFORD,

            Defendant - Appellant.

―――――――――――

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:13-cr-00010-BO-3; 7:13-cr-00010-BO-2)

―――――――――――

Submitted:  August 21, 2014        Decided:  September 3, 2014

―――――――――――

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

———————————

Ronald Cohen, Wilmington, North Carolina; Daniel Henry Johnson, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina, for Appellants. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashad Jacobs and Rasul Gatford each pled guilty, pursuant to a plea agreement, to brandishing a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c) (2012). The district court sentenced them to 120 months' imprisonment, an upward variance of 36 months from the Sentencing Guidelines range. See U.S. Sentencing Guidelines Manual § 2K2.4(b) (2013). Jacobs and Gatford appeal, claiming that their sentences are substantively unreasonable. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,]" for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). Because Jacobs and Gatford do not challenge the procedural reasonableness of their sentences, we turn our attention to substantive reasonableness and consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. An upward variance is permitted where justified by the 18 U.S.C. § 3553(a) (2012) factors. See id. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of a variance," and "[t]he fact that [we] might reasonably have concluded that a different sentence

3

was appropriate is insufficient to justify reversal of the district court." Id.

Jacobs and Gatford assert that the district court improperly relied upon the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) to the exclusion of the other statutory sentencing factors. We disagree. The district court described how Appellants' individual actions were more culpable than those of defendants with similar charges and were analogous to discharging a firearm. We also conclude that the court did not improperly rely upon the sentence imposed on a co-defendant to determine the length of the variance.

Jacobs and Gatford also argue that their sentences are contrary to Congress' intent for different mandatory minimum sentences to apply to brandishing and discharging a firearm. However, Congress left district courts with the option of imposing sentences of seven years or more for brandishing a firearm if the facts so warranted. See 18 U.S.C. § 924(c)(1)(A) (declining to set maximum sentence). Therefore, Congress' intent in formulating § 924(c) does not render unreasonable the district court's imposition of 120-month sentences under § 924(c)(i)(A)(ii).[*]

---

[*] To the extent Appellants raise new claims in their reply brief, those claims are not properly before the court. See United States v. Ashford, 718 F.3d 377, 383 n.* (4th Cir. 2013).

4

Accordingly, we hold that the upward variance imposed by the district court is substantively reasonable, and we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED